JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii 96817
Telephone: (808) 595-7179
Facsimile: (808) 595-3918
email: paerj001@hawaii.rr.com

JEFF CRABTREE          3405
BRONSTER CRABTREE & HOSHIBATA
A Law Corporation
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-5644

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY OLIVEIRA, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIANCE BANCORP dba ALLIANCE MORTGAGE and PACIFIC RIM FINANCIAL AND INVESTMENTS OF HAWAII, INC., <br><br> Defendants. | CIVIL NO. CV07 00050 SOM BMK <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A - D"; SUMMONS |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through his undersigned attorney and alleges as follows:

## INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601, et seq., to rescind, recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual, statutory, and punitive damages arising out of Defendants' misrepresentations and failure to make required disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Counts II and III of the Complaint, which arise under Chapter 480 of the Hawaii Revised Statutes and under other state laws. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant Alliance Bancorp (hereinafter "Alliance") is a corporation

doing business in Hawaii. Defendant Pacific Rim Financial and Investments of Hawaii, Inc. (hereinafter "Pacific Rim") is a corporation doing business in the State of Hawaii. Both Defendants are subject to the jurisdiction of this Court.

## FACTS

5. Within three years prior to the filing of this action, Defendants, in the ordinary course of business, regularly extended credit to their consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

6. Pacific Rim negotiated the terms of the loans that are the subject matter of this complaint, and at all times relevant herein, acted as a loan broker and as the agent of both Alliance and Plaintiff.

7. At all times herein, Defendants owed Plaintiff a fiduciary duty.

8. Defendants represented to Plaintiff that the loans he made with Defendants would be of substantial benefit to Plaintiff, and Defendants made the above representation with the intent to induce Plaintiff into accepting the loans described herein.

9. Plaintiff relied upon the above representation and was justified in his reliance.

10. Plaintiff suffered detriment as a direct result of his reliance on that above-described promise in that the loans reduced his equity substantially by replacing his low-interest, fixed-rate financing with two high-interest, adjustable rate loans, incurring more than $26,300.00 in prepayment penalties, commissions and settlement charges along with a yield spread premium.

11. In approximately two years, Plaintiff's loans call for increased payments of some 260%.

12. On or about October 23, 2006, Plaintiff entered into two loan transactions with Alliance. A true copy of the disclosure statements given to Plaintiff in connection with those two loans are attached hereto as Exhibits "A" and "B".

13. A true copy of the Notices of Right to Cancel given to Plaintiff for those two loans are attached hereto as Exhibits "C" and "D".

14. The above debt was incurred primarily for personal, family, or household purposes.

15. The above indebtedness was secured by a mortgage on Plaintiff's principal residence.

16. Upon information and belief, Alliance is the present holder of the above described note and mortgage.

17. On December 1, 2006, Plaintiff, through his counsel, sent a letter to each defendant which stated that Plaintiff was rescinding the above described loans and tendered all amounts owing pursuant to the cancellation requirements of the Truth in Lending Act.

18. Alliance responded refusing to rescind the loans, did not release its mortgage and did not take the other steps required upon rescission.

19. Pacific Rim did not respond to the above described letter at all.

20. Plaintiff did not receive any response from anyone else to his rescission letter.

21. Plaintiff again rescinds the above-described loans, and all other transactions he had or has with each of the Defendants.

22. Plaintiff will be irretrievably harmed if Defendants continue to refuse to rescind the loans and proceed with collection of the loans and/or foreclosure upon his home.

## COUNT I

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of this Complaint.

24. Defendants have violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

(a) the Annual Percentage Rate,

(b) the Finance Charge,

(c) the Amount Financed,

(d) the Total of Payments and Payment Schedule,

(e) the Security Interest,

(f) the Notice of Right To Cancel, and

(g) by failing to honor Plaintiff's rescission letter and request to rescind the loan transaction.

25. Plaintiff has suffered serious personal injury and emotional harm as a result of Defendants' actions as described above.

## COUNT II

26. Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint.

27. Defendants have violated Chapter and 480 of the Hawaii Revised Statutes as alleged above.

28. Defendants' violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

29. The promises as to the benefit to Plaintiff of the above loans, the charges, and disclosure of those charges and terms in connection with the above-

described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

30. Defendants' giving to Plaintiff an improper Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

31. Defendants' refusal to honor Plaintiff's rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

32. Plaintiff has suffered injury to his property in an amount to be proved at trial by reason of Defendants' violations.

## COUNT III: FRAUD

33. Plaintiffs reallege and incorporate paragraphs 1 through 10 of this Complaint.

34. Defendants made false representations, both orally and in writing, regarding Plaintiff's rescission rights, to the effect that Plaintiff's rights expired at a time other than the required time.

35. Defendants represented to Plaintiff that his loan would be far less costly in terms of settlement charges than Defendants knew it would actually be.

36. Defendants knew the above-described representations were false.

37. Defendants made the above representations in contemplation of

7

Plaintiff's reliance upon these false representations.

38. Plaintiff reasonably relied on Defendants' false representations and suffered substantial pecuniary damage as a result of his justifiable reliance..

WHEREFORE, Plaintiff prays that the Court:

## AS TO COUNT I

1. Award Plaintiff his actual damages as will be proved at trial.

2. Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order Defendants immediately to return to Plaintiff all finance charges paid pursuant to that credit transaction, and direct that Plaintiff has no further obligation of payment to any Defendant.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5. Order Defendants to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin

Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

## AS TO COUNT II

6. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1,000.00 for each unfair or deceptive act or practice;

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff has no further obligation of payment to any Defendant.

9. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10. Order Defendants to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

## AS TO COUNT III

11. Award actual damages.

12. Award punitive damages.

## AS TO ALL COUNTS

13. Declare Defendant's security interest in the subject property void, and enjoin Defendant from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

14. Award Plaintiff his reasonable attorneys' fees and costs of Court.

15. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, January 30, 2007.

JOHN HARRIS PAER
JEFF CRABTREE
Attorneys for Plaintiff