ORIGINAL

JOHN HARRIS PAER, ESQ.    #1551-0
41 B Kepola Place
Honolulu, Hawai'i  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

JEFF CRABTREE           3405
BRONSTER CRABTREE & HOSHIBATA
A Law Corporation
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawai'i  96813
Telephone:  (808) 524-5644
email: lawyer@consumerlaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 5 2007

at 12 o'clock and 40 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANTHONY OLIVEIRA,<br><br>         Plaintiff,<br><br>    vs.<br>ALLIANCE BANCORP dba<br>ALLIANCE MORTGAGE and<br>PACIFIC RIM FINANCIAL AND<br>INVESTMENTS OF HAWAI'I,<br>INC.,<br><br>         Defendants. | ) CIVIL NO. 07-00050 HG-BMK<br>)<br>) PLAINTIFF'S FIRST AMENDED<br>) COMPLAINT FOR DAMAGES AND<br>) INJUNCTIVE RELIEF;<br>) EXHIBITS "A - D"; JURY<br>) DEMAND; SUMMONS;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCANNED

COMES NOW Plaintiff, by and through his undersigned attorney and alleges as follows:

## INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601, <u>et seq.</u>, to rescind, recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual, statutory, and punitive damages arising out of Defendants' misrepresentations and failure to make required disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Counts II and III of the

Complaint, which arise under Chapter 480 of the Hawaiʻi Revised Statutes and under other state laws. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaiʻi.

4. Defendant Alliance Bancorp (hereinafter "Alliance") is a corporation doing business in Hawaiʻi. Defendant Pacific Rim Financial and Investments of Hawaiʻi, Inc. (hereinafter "Pacific Rim") is a corporation doing business in the State of Hawaiʻi. Both Defendants are subject to the jurisdiction of this Court.

## FACTS

5. Within three years prior to the filing of this action, Defendants, in the ordinary course of business, regularly extended credit to their consumer

customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

6. Pacific Rim negotiated the terms of the loans that are the subject matter of this complaint, and at all times relevant herein, acted as a loan broker and as the agent of both Alliance and Plaintiff.

7. At all times herein, Defendants owed Plaintiff a fiduciary duty.

8. Defendants represented to Plaintiff that the loans he made with Defendants would be of substantial benefit to Plaintiff, including that Plaintiff's monthly payments would be far less than those required by his then present loan, though Defendants did not tell Plaintiff that his payments would later rise because the new loans were adjustable rate mortgages.

9. Defendants represented to Plaintiff that he would receive $9800.00 in cash upon closing of the loan.

10. Defendants made the above representations

with the intent to induce Plaintiff into accepting the loans described herein.

11. Defendants' agent, Mr. Doctolero, handled the closing at the office of Defendant Pacific Rim.

12. Only Mr. Doctolero and Plaintiff and Plaintiff's wife were at the closing; no notary was present.

13. When Plaintiff questioned Mr. Doctolero about this, Mr. Doctolero responded that the documents would be notarized later because "the notary trusts me."

14. Upon closing, and after the three day rescission period, Plaintiff learned that he would only receive only $1939.00 in cash as Mr. Doctolero said they miscalculated.

15. At that time, Plaintiff told Defendants that he did not want the loan as he had counted on the $9800.00.

16. Defendants responded that it was too late to cancel the loan as it had already been funded and was

a "done deal".

17. Plaintiff relied upon the above representations of Defendants and was justified in his reliance, and would not have made the loans if not for the above representations.

18. Plaintiff suffered detriment as a direct result of his reliance on the above-described promises in that the loans reduced his equity substantially by replacing his low-interest, fixed-rate financing with two high-interest, adjustable rate loans, incurring more than $26,300.00 in prepayment penalties, commissions and settlement charges in addition to a yield spread premium.

19. In approximately two years, Plaintiff's loans call for increased payments of some 260%; that is, from $1286.56 to $3357.85.

20. On or about October 23, 2006, Plaintiff entered into two loan transactions with Alliance. A true copy of the disclosure statements given to Plaintiff in

connection with those two loans are attached hereto as Exhibits "A" and "B".

21. A true copy of the Notices of Right to Cancel given to Plaintiff for those two loans are attached hereto as Exhibits "C" and "D".

22. The above debt was incurred primarily for personal, family, or household purposes.

23. The above indebtedness was secured by a mortgage on Plaintiff's principal residence.

24. Upon information and belief, Alliance is the present holder of the above described note and mortgage.

25. On December 1, 2006, Plaintiff, through his counsel, sent a letter to each defendant which stated that Plaintiff was rescinding the above described loans and tendered all amounts owing pursuant to the cancellation requirements of the Truth in Lending Act.

26. Alliance responded refusing to rescind the

loans, did not release its mortgage and did not take the other steps required upon rescission.

27. Pacific Rim did not respond to the above described letter at all.

28. Plaintiff did not receive any response from anyone else to his rescission letter.

29. Plaintiff again rescinds the above-described loans, and all other transactions he had or has with each of the Defendants.

30. Plaintiff will be irretrievably harmed if Defendants continue to refuse to rescind the loans and proceed with collection of the loans and/or foreclosure upon his home.

## COUNT I

31. Plaintiff realleges and incorporates paragraphs 1 through 30 of this Complaint.

32. Defendants have violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

(a) the Annual Percentage Rate,

(b) the Finance Charge,

(c) the Amount Financed,

(d) the Total of Payments and Payment Schedule,

(e) the Security Interest,

(f) the Notice of Right To Cancel, and

(g) by failing to honor Plaintiff's rescission letter and request to rescind the loan transaction.

33. Plaintiff has suffered serious personal injury and emotional harm as a result of Defendants' actions as described above.

## COUNT II

34. Plaintiff realleges and incorporates paragraphs 1 through 33 of this Complaint.

35. Defendants have violated Chapter and 480 of the Hawai'i Revised Statutes as alleged above.

36. Defendants' violations of the Truth in

Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

37. The promises as to the benefit to Plaintiff of the above loans, the charges, and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

38. Defendants' giving to Plaintiff an improper Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

39. Defendants' refusal to honor Plaintiff's rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

40. Plaintiff has suffered injury to his property in an amount to be proved at trial by reason of Defendants' violations.

WHEREFORE, Plaintiff prays that the Court:

<u>AS TO COUNT I</u>

1. Award Plaintiff his actual damages as will be proved at trial.

2. Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order Defendants immediately to return to Plaintiff all finance charges paid pursuant to that credit transaction, and direct that Plaintiff has no further obligation of payment to any Defendant.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawai'i regarding the mortgage described above.

5. Order Defendants to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin

Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

## AS TO COUNT II

6. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1,000.00 for each unfair or deceptive act or practice;

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff has no further obligation of payment to any Defendant.

9. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawai'i regarding the mortgage described above.

10. Order Defendants to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO ALL COUNTS

11. Declare Defendant's security interest in the subject property void, and enjoin Defendant from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

12. Award Plaintiff his reasonable attorneys' fees and costs of Court.

13. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawai'i, May 15, 2007.

_____
JOHN HARRIS PAER
JEFF CRABTREE
Attorneys for Plaintiff